IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

V.  4:25CR00115-01 JM

JAYMANI AAREON GORMAN
Aka "EBK Jaaybo"

### ORDER

Defendant Jaymani Aareon Gorman asks the Court to sever his trial from the trial of his co-defendant Xavier Jones. Gorman contends that a joint trial would prejudice his right to a fair trial because his defense is irreconcilable with Jones's defense. He acknowledges that jury instructions may cure the risk of prejudice, but the risk is too great. Further he anticipates the government's evidence against Jones at trial will be overwhelming and the fact that Gorman has been a long-time friend of Jones will prejudice him in the jury's mind.

Rule 8(b) states that "[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (quoting Fed. R.Crim. Pro. 8). "There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials 'play a vital role in the criminal justice system.'" *Id.* (quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)). However, Rule 14(a) of the Federal Rules of Criminal Procedure states: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. Pro. 14(a). "A motion to sever counts for trial is committed to the district court's discretion." *United States v.*

*Rock*, 282 F.3d 548, 552 (8th Cir.2002) (quotation omitted). The district court's decision will be reversed "only when the defendant shows an abuse of discretion that resulted in severe prejudice." *Id.* "Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal." *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008) (quotation omitted).

After thorough review, the Court finds that Mr. Gorman has failed to show that a joint trial with his co-defendant would compromise his right to a fair trial or his chance of acquittal. The case is not complex and the use of limiting instructions is likely to cure any risk of prejudice.

Mr. Gorman's motion to sever defendants (Dkt. No. 26) is DENIED.

IT IS SO ORDERED this 12th day of January, 2026.

_____
James M. Moody Jr.
United States District Judge