UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:25CR000115-JM |
| | ) | |
| JAYMANI GORMAN | ) | |
| aka "EBK Jaaybo" and | ) | |
| XAVIER AMIR JONES | ) | |
| aka "babymaxx" "babymaxx stepn" | ) | |

**MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT REGARDING PLEA NEGOTIATIONS, HEARSAY, PRIOR BAD ACTS, CONSTITUTIONALITY, THE POTENTIAL SENTENCE, THE "GOLDEN RULE", JURY NULLIFICATION AND UNDISCLOSED DEFENSE EVIDENCE**

The United States of America, by and through its attorney, Jonathan D. Ross, United States Attorney for the Eastern District of Arkansas, Liza Brown and Stephanie Mazzanti, Assistant United States Attorneys for said district, respectfully requests that the Court preclude evidence or argument regarding (1) plea negotiations between the United States and defendants Gorman and Jones, (2) hearsay in the form of a defendant's own prior statement, (3) prior bad acts of witnesses absent appropriate rulings by the Court, (4) the constitutionality of the traffic stop and seizure of evidence, (5) the potential sentence faced by Gorman and Jones, (6) the "Golden Rule," and (7) the failure to call equally available witnesses. To preserve the issue, the United States further requests that the Court exclude defense exhibits that are not produced sufficiently in advance of trial.

## I.    PLEA NEGOTIATIONS

Counsel for the United States and counsel for the defendants have engaged in discussions regarding possible negotiated pleas of guilty in this matter. The United States respectfully moves

1

this Court to order that none of the discussions regarding any potential resolution of this case be disclosed to the jury at trial, either through the testimony of witnesses or statements of counsel. Evidence of any plea offers made by the United States is wholly irrelevant to any issue before the jury, would be unduly prejudicial, might confuse the jury, and would constitute hearsay. Federal Rules of Evidence 402, 403, 802.

The Eighth Circuit has upheld district court rulings that refused to permit the defendant to admit such evidence under the Federal Rules of Criminal Procedure and Federal Rules of Evidence and noted that admitting such evidence before a jury would, as a practical effect, shut down plea negotiations in criminal cases. *See United States v. Greene*, 995 F.2d 793, 798 (8th Cir. 1993); *United States v. Verdoorn*, 528 F. 2d 103 (8th Cir. 1976).

## II.     HEARSAY

Defendants may not elicit evidence of their own prior out-of-court statements or those of any agents or co-defendant. *See* FED. R. EVID. 801(d)(2); *United States v. Hughes*, 535 F.3d 880, 882 (8th Cir. 2008). Such statements are classic hearsay when offered by a defendant because the declarant is not a "party opponent" vis-à-vis himself. *See United States v. Yousef*, 327 F.3d 56, 153 (2d Cir. 2003) ("[W]hile the Government was free to introduce the statement as an admission by a party-opponent, *see* Fed. R. Evid. 801(d)(2)(A), [the defendant] had no right to introduce it on his own."), *overruled on other grounds by Montejo v. Louisiana*, 556 U.S. 778 (2009);[1] *United*

---

[1] Apart from being offered for truth, the United States may also offer Defendant's *false* exculpatory statements as proof of consciousness of guilt and unlawful intent. *See United States v. Chatmon*, 742 F.3d 350, 353 (8th Cir. 2014) (quoting *United States v. Penn*, 974 F.2d 1026, 1028 (8th Cir. 1992)) ("False exculpatory statements are admissible as substantive evidence tending to show guilt."). *Cf. United States v. Clark*, 45 F.3d 1247, 1250 (8th Cir. 1995) (citation omitted) ("It is universally conceded today that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence

*States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996) ("[T]he rules do not…provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party.").

Attempts to offer exculpatory out-of-court statements by a defendant, co-conspirator, or agent are thus improper when elicited by a defendant. *See*, *e.g.*, *United States v. McCraney*, 612 F.3d 1057, 1062 (8th Cir. 2010) (defendant's statement upon arrest); *Hughes*, 535 F.3d at 882 (defendant's statement to business partner); *United States v. Chard*, 115 F.3d 631, 634-35 (8th Cir. 1997) (defendant's statement to DEA); *United States v. Cianci*, 378 F.3d 71, 106 (1st Cir. 2004) (defendant's statement to undercover FBI agent); *United States v. Bishop*, 264 F.3d 535, 549 (5th Cir. 2001) (defendant employee's statement to fellow employee); *United States v. Abbas*, 74 F.3d 506, 511 (4th Cir. 1996) (co-conspirator statement to fellow co-conspirator); *United States v. Macey*, 8 F.3d 462, 467 (7th Cir. 1993) (defendant's statement to employee).

This holds true even where inculpatory parts of the same conversation are offered by the United States. *See*, *e.g.*, *Williamson v. United States*, 512 U.S. 594, 600 (1994) ("We see no reason why collateral statements, even ones that are neutral as to interest, should be treated any differently from other hearsay statements that are generally excluded."); *United States v. Smith*, 794 F.2d 1333, 1335-36 (8th Cir. 1986) (post-arrest statement to police); *United States v. Mitchell*, 502 F.3d 931, 964 (9th Cir. 2007) (statement to FBI during "a more broadly self-inculpatory confession"); *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) (interview with INS agent). *See also United States v. Streb*, 477 F. Supp. 3d 835, 867 (S.D. Iowa 2020) ("The rule of completeness does

---

of consciousness of guilt, and thus of guilt itself."); *United States v. Davis*, 867 F.3d 1021, 1030 (8th Cir. 2017) (same).

not independently allow for the admission of inadmissible hearsay solely for the sake of completeness, and numerous authorities already recognize this.") (citing cases). To do otherwise would allow defendants to "effectuate an end run around the adversarial process by, in effect, testifying without swearing an oath, facing cross-examination, or being subjected to first hand scrutiny by the jury." *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005).

An order precluding defendants from offering their own out-of-court statements or those of any agent or co-defendant is therefore appropriate.

### III.    REFERENCE TO PRIOR BAD ACTS

Reference to the criminal history of witnesses for the United States should be prohibited except as permitted under the narrow confines of Rule 609. Defendants should also be barred from attempting to show a witness's bad character via specific prior bad acts, which constitutes improper character evidence under Rules 404(a)(3) and 404(b) unless narrowly tied to character for truthfulness and with an appropriate pretrial ruling. And in those rare cases where prior bad acts are germane to character, extrinsic evidence of bad acts should be prohibited.

Rule 609 governs use of prior convictions for impeachment. Character for truthfulness may be attacked through evidence of a conviction for felonies or offenses the Court can "readily determine" involved a dishonest act or false statement. FED. R. EVID. 609(a). Evidence of a prior felony conviction is subject to Rule 403 balancing, and convictions older than ten years are presumptively inadmissible. FED. R. EVID. 609(a), (b); *United States v. Stoltz*, 683 F.3d 934, 939-40 (8th Cir. 2012). Arrests, charges, and other allegations of unlawful acts that did not result in conviction are inadmissible under Rule 609. *See* FED. R. EVID. 609(b) (requiring "conviction of a crime"). So, too, are offenses that have been expunged. FED. R. EVID. 609(c); *United States v.*

*Ferguson*, 776 F.2d 217, 222 (8th Cir. 1985) (upholding finding expungement order signed by Pulaski County Circuit Judge satisfied 609(c)). Accordingly, the Court should not permit defense counsel to offer evidence of arrests, charges, or misdemeanor offenses that do not involve dishonesty, felony offenses more than ten years old, or charges that have been expunged.

When reference to a conviction is allowed it should not involve delving into specific details of the offense. *See United States v. Street*, 548 F.3d 618, 627 (8th Cir. 2008) (limiting inquiry); *United States v. Roenigk*, 810 F.2d 809, 814 (8th Cir. 1987) ("the scope of such examination is strictly limited in order to avoid the confusion resulting from the trial of collateral issues, and also to avoid unfairness to the witness"); 2 WEINSTEIN'S FEDERAL EVIDENCE § 609.20 (1997 ed.) ("When a prior conviction is admissible for impeachment, the impeaching party is generally limited to establishing the bare facts of the conviction: usually the name of the offense, the date of the conviction, and the sentence."). Where prior convictions are admissible for impeachment, references should be limited to the title of the offense, its date, and the sentence imposed.

Rule 404(a)(3) serves as the only conduit for attacking the character of a witness to show conformity with a negative trait. It is an exception to the general ban on character evidence and provides that Rules 607, 608, and 609 govern such evidence. Rule 608, in turn, authorizes use of character evidence to support or attack "character for truthfulness or untruthfulness." FED. R. EVID. 608(a), (b). It does not allow character attacks other than those pertaining to veracity. *See United States v. Alston*, 626 F.3d 397, 403-05 (8th Cir. 2010) (evidence of job termination not admissible because not probative of truthfulness). The Court should therefore bar defendants from introducing any evidence, or making any reference to, prior bad acts unrelated to a witness' character for truthfulness, whether on cross-examination or otherwise.

If a defendant wishes to attack character for truthfulness on direct examination, he should be limited to reputation or opinion testimony. Specific instances of conduct relevant to character for truthfulness may only be explored on cross-examination. FED. R. EVID. 608(b). Moreover, aside from criminal history, *supra*, defendants are not permitted to introduce extrinsic evidence to prove specific instances of a witness' bad conduct. *Id*. If a defendant wishes to cross-examine a witness for the United States about specific instances of conduct bearing on the truthfulness of the witness, he may do so, but he is stuck with the answers he receives. *See United States v. Martz*, 964 F.2d 787, 789 (8th Cir. 1992) (affirming refusal to admit old plea documents to counter denials on cross-examination because it leads to "the type of mini-trial over a collateral matter that Rule 608(b) forbids"). The Court should preclude defendants from calling other witnesses or introducing physical or documentary items to prove the alleged untruthful conduct.

Otherwise admissible evidence of criminal history and prior bad acts is nonetheless barred absent a finding its probative value is not substantially outweighed by risks of unfair prejudice or confusing the jury. *See* FED. R. EVID. 403; *King v. Ahrens*, 16 F.3d 265, 269 (8th Cir. 1994) ("Rule 403 balancing…is an integral step toward a determination of admissibility" under Rule 608(b)). Character evidence is particularly susceptible to Rule 403 concerns because inquiry into prior conduct often devolves into a sideshow where parties elicit information on cross-examination and re-direct having little to do with the questions truly at stake. Such evidence serves to confuse jurors and muddle the issues, and courts may exclude it for that reason. *See United States v. Beal*, 430 F.3d 950, 955-56 (8th Cir. 2005). Courts may also limit such evidence when the witness' bad acts are only tangentially probative of truthfulness, such as where supposed motivations for past dishonesty do not square with the suggested motive for lying on the stand. *See Alston*, 626 F.3d at

403-05 (upholding exclusion of evidence about witness' job termination for untruthfulness because motive for the prior/job-related lie was not present at trial).

## IV.   CONSTITUTIONALITY OF STOP AND SEIZURE

To date, defendants have not filed a motion to suppress the traffic stop or the seizure of the evidence. Even if such motion were to be filed, the constitutionality of the traffic stop and seizure of evidence are pretrial matters for the Court, not the jury. As such, the defendants should be precluded from arguing at trial that a defendant's arrest and subsequent search of the vehicle were somehow unlawful or improper.

## V.   THE POTENTIAL SENTENCE

If convicted of all counts, the United States anticipates that a mandatory minimum term of imprisonment of 30 years, with a statutory maximum of life imprisonment, to run consecutive to the sentences imposed on other counts will apply to both Gorman and Jones. The consequences of conviction, however, do not bear on any fact at issue and are thus irrelevant to guilt or innocence. *See Rogers v. United States*, 422 U.S. 35, 40 (1975) (jury "should reach its verdict without regard to what sentence might be imposed"); *United States v. Thomas*, 895 F.2d 1198, 1200 (8th Cir. 1990) ("sentencing procedures or details regarding a defendant's possible punishment are irrelevant to the issues that a federal jury must decide."); *United States v. Goodface*, 835 F.2d 1233, 1237 (8th Cir. 1987) ("In the federal system, the penalty to be imposed upon a defendant is not a matter for the jury, and it is proper to caution the jury . . . against any consideration of possible punishment in their deliberations."). Therefore, the range of punishment, including any mandatory minimum term of imprisonment imposed by statute, is wholly irrelevant to any issues before the

jury.[2] The United States respectfully requests this Court instruct the parties that no argument, testimony, or reference to the range of punishment, including any mandatory minimum term of imprisonment imposed by statute for the offenses charged, be disclosed, presented, or argued in the presence of the jury.

## VI.    "GOLDEN RULE" ARGUMENT

The United States requests that the Court preclude the defendants from making a "Golden Rule" argument to the jury by asking the jury to place themselves in the defendant's shoes.   *United States v. Shalash*, No. 11CR0627, 2013 WL 4820927 (N.D. Ill. Sept. 10, 2013) (citing *United States v. Roman*, 492 F.3d 803, 806 (7th Cir. 2007) (this argument "'is universally recognized as improper because it encourages the jury to depart from the neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.'") (quoting *United States v. Teslim*, 869 F.2d 316, 328 (7th Cir. 1989)).

## VII.   JURY NULLIFICATION GENERALLY

Juries are to follow the law in reaching their verdict. Any suggestion that they can or should do otherwise is improper. *See*, *e.g.*, *United States v. Wiley*, 503 F.2d 106, 107 (8th Cir. 1974) ("To encourage individuals to make their own determinations as to which laws they will obey and which they will permit themselves as a matter of conscience to disobey is to invite chaos."); *United States v. Carr*, 424 F.3d 213, 220 (2d Cir. 2005) ("We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur

---

[2]Even if a defendant could articulate some minor relevance, the Court should exclude mention of any consequences of conviction under Federal Rule of Evidence 403 because any slight probative value would be substantially outweighed by the danger of misleading the jury as to its role. *See Thomas*, 895 F.2d at 1198 ("To inform a federal jury about a defendant's punishment would only introduce improper and confusing considerations before it.").

when it is within their authority to prevent."); *United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) ("Jury nullification…is to be viewed as an aberration under our system."); *United States v. Muse*, 83 F.3d 672, 677 (4th Cir. 1996) ("defendant is not entitled to inform the jury that it can acquit him on grounds other than the facts in evidence"); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("A trial judge ... may block defense attorneys' attempts to serenade a jury with the siren song of nullification."); *Cave v. Singletary*, 971 F.2d 1513, 1518 (11th Cir. 1992) ("defense counsel may not encourage the jurors to ignore the court's instruction and apply the law at their caprice"); *United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983) ("defense counsel may not argue jury nullification during closing argument").

Argument that the jury should base its decision on anything other than the facts in evidence should be prohibited. This encompasses attempts by the defense (particularly during closing) to invoke a defendant's family obligations, faith, career, health, or other irrelevant topics that prey upon jury sympathy. Jury nullification is "not a 'right' belonging to the defendant, much less a substantial right." *United States v. Horsman*, 114 F.3d 822, 829 (8th Cir. 1997) (quoting *United States v. Gonzalez*, 110 F.3d 936, 947-48 (2d Cir. 1997)).

Also improper is defense counsel's own opinion of or experience with a defendant. It is improper for a prosecutor to offer his or her opinion about a defendant. *See United States v. Sigillito*, 759 F.3d 913, 936 (8th Cir. 2014). By the same token, any reference to defense counsel's personal opinion of a defendant or her experiences with a defendant are similarly improper unless counsel takes the stand. *See Parker v. Allen*, 565 F.3d 1258, 1273 (11th Cir. 2009) ("counsel have a duty to refrain from commenting on their personal views on a defendant's guilt and the evidence.").

9

### VIII.   Failure To Call Equally Available Witnesses

"Absent unusual circumstances such as knowingly concealing evidence favorable to a defendant, the Government has a wide discretion with respect to the witnesses to be called to prove its case. The government is not ordinarily compelled to call all witnesses competent to testify including special agents or informers." *United States v. Williams*, 481 F.2d 735, 737 (8th Cir. 1973) (quoting *United States v. Mosby*, 422 F.2d 72, 74 (8th Cir. 1970)).

Reference to who does and does not testify is improper unless production of that witness is solely within the other party's power. *Woods v. Armontrout*, 787 F.2d 310, 315 (8th Cir. 1986); *United States v. Cook*, 771 F.2d 378, 383 (8th Cir. 1985); *see also United States v. Heard*, 709 F.3d 413, 421 (5th Cir. 2013) ("not appropriate when the witness is equally available to both parties."); *United States v. Knox*, 68 F.3d 990, 1000 (7th Cir. 1995) ("peculiarly within the government's control if the witness is 'only physically available to the government'"); *United States v. Brooks*, 928 F.2d 1403, 1412 (4th Cir. 1991) (comments improper because "witness was equally available to both the defendants and the government.").

No one in this case is uniquely within the reach of the United States. It follows that counsel may not comment on the absence of any one person, much less invite the jury to draw a negative inference therefrom. *See Illinois Cent. R.R. Co. v. Staples*, 272 F.2d 829, 834 (8th Cir. 1959) ("Where witnesses are equally available to either party, no adverse inference may be drawn from the failure of one party to call them"). *Cf. Walker v. United States*, 489 F. 2d 714 (8th Cir. 1974) (refusing missing witness instruction for want of demonstrating "sole power to produce").

### IX.   UNDISCLOSED DEFENSE EVIDENCE

The United States has provided discovery in this case and has requested reciprocal

discovery from the defendants. Federal Rule of Criminal Procedure 16(b) imposes a reciprocal duty upon defendants to disclose any material to be used in their case in chief.   Fed. R. Crim. P. 16(b)(1)(A). District courts may "prohibit that party from introducing the undisclosed evidence[.]" Fed. R. Crim. P. 16(d)(2)(C). To date, the defendants have not produced reciprocal discovery. Out of an abundance of caution, considering the motions in limine deadline, the United States moves the Court to bar any evidence in the defendant's case-in-chief that is not produced well in advance of trial. *See Taylor v. Illinois*, 484 U.S. 400, 415 (1988) (failure to meet discovery request justified exclusion of defendant's evidence); *United States v. Urena*, 659 F.3d 903, 908-09 (9th Cir. 2011) ("unquestioned discretionary power to exclude evidence that should have been produced in reciprocal discovery.") (citing *United States v. Moore*, 208 F.3d 577, 578 (7th Cir. 2000) ("entitled to exclude evidence that should have been produced during reciprocal discovery"); *United States v. Scholl*, 166 F.3d 964, 972 (9th Cir. 1999) (affirming exclusion of evidence not produced)).

WHEREFORE, the United State respectfully requests that the Court grant this Motion in Limine.

Respectfully submitted,

JONATHAN D. ROSS
United States Attorney for the
Eastern District of Arkansas

By:    LIZA JANE BROWN
AR Bar Number 2004183
STEPHANIE MAZZANTI
AR Bar Number 2006298
Assistant U.S. Attorneys
425 W. Capitol, Suite 500
Little Rock, AR 72201
(501) 340-2600
Liza.Brown@usdoj.gov
Stephanie.Mazzanti@usdoj.gov

12