UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:25CR00115 JM-01 |
| | ) | |
| JAYMANI AAREON GORMAN, | ) | |
| aka "EBK Jaaybo" | ) | |

**MOTION TO ADMIT EVIDENCE OF PRIOR CONVICTIONS UNDER FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through Jonathan D. Ross, United States Attorney for the Eastern District of Arkansas, and Liza Jane Brown and Stephanie Mazzanti, Assistant United States Attorneys, moves the Court to issue an order finding defendant Jaymani Gorman's prior convictions are admissible pursuant to Federal Rule of Evidence 404(b).[1]

Jaymani Gorman is charged with felon in possession of a firearm (Count 1); transportation of a firearm in interstate commerce (Count 2); possession of a machinegun (Count 4); possession of a stolen firearm (Count 5); possession with intent to distribute marijuana (Count 6); and possession of a machinegun in furtherance of a federal drug trafficking crime (Count 7). Gorman has the following prior convictions relating to firearms:

(1) Felon in Possession of a Firearm, Criminal Street Gang Activity, in the Superior Court of California, County of San Joaquin, Stockton Branch, in case STK-CR-2023-4424 on or about November 7, 2023;

---

[1] The United States previously gave formal notice to counsel for the defendant. Counsel for Gorman has advised that Gorman intends to stipulate that prior to May 18, 2025, he had previously been convicted of a felony, and prior to May 18, 2025, and on that date, Gorman knew he had been convicted of a felony.

1

(2) Attempted Murder, Criminal Street Gang Activity, in the Juvenile Court for the County of San Joaquin, California, in case JJC-JV-DE-2019-0182;

(3) Felon in possession of a Firearm, Carrying a Loaded Firearm, Minor Illegally in Possession of a Concealed Weapon on or about July 5, 2021;

(4) Assault with a Firearm on a Person and Felon in Possession of a Firearm in the Juvenile Court for the County of San Joaquin, California, on or about June 4, 2020.

The United States intends to introduce evidence of Gorman's prior convictions pursuant to Federal Rule of Evidence 404(b). Federal Rule of Evidence 404(b) provides, in pertinent part:

(1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

To be admissible under Rule 404(b), a prior act "must be (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect." *United States v. Williams*, 534 F.3d 980, 984 (8th Cir. 2008). "The rule is one of inclusion, 'such that evidence offered for permissible purposes is presumed admissible absent a contrary determination.'" *United States v. Cowling*, 648 F.3d 690, 699 (8th Cir. 2011) (quoting in part *United States v. Johnson*, 439 F.3d 947, 952 (8th Cir. 2006)).

As to the first factor, Gorman's convictions set forth above are relevant to show knowledge and intent to possess a firearm. Knowing possession is an element of Section 922(g)(1) offenses. *See United States v. Halk*, 634 F.3d 482, 487 (8th Cir. 2011); *United States v. Oaks*, 606 F.3d 530, 539 (8th Cir. 2010). Gorman's not guilty plea calls this element into question. *See Halk*, 634 F.3d

2

at 487; *Oaks*, 606 F.3d at 539. "Evidence that [he] possessed a firearm on a previous occasion is [thus] relevant to show knowledge and intent." *United States v. Walker*, 470 F.3d 1271, 1274 (8th Cir. 2006). In turn, Rule 404(b) permits evidence of prior convictions involving possession of a firearm. *See*, *e.g.*, *United States v. Stroud*, 673 F.3d 854, 861 (8th Cir. 2012) (possession of machine gun); *Halk*, 634 F.3d at 487 (unlawful use of weapon); *Oaks*, 606 F.3d at 539 (armed robbery); *Walker*, 470 F.3d at 1274 (armed robbery); *United States v. Strong*, 415 F.3d 902, 905 (8th Cir. 2005) (robbery and felon in possession of a firearm). The same result should follow here because Gorman's convictions set forth above are relevant to show knowledge and intent.

Remoteness is reviewed for reasonableness based on "the facts and circumstances of each case." *United States v. Franklin*, 250 F.3d 653, 659 (8th Cir. 2001) (internal quotation omitted). Admission of acts as old as twenty years is permitted if a defendant spends a significant portion of the interim incarcerated. *See*, *e.g.*, *Halk*, 634 F.3d at 487-88 (nineteen-year-old conviction where incarcerated for twelve years); *Walker*, 470 F.3d at 1274 (eighteen-year-old conviction where incarcerated for ten years); *United States v. Williams*, 308 F.3d 833, 836-37 (8th Cir. 2002) (twenty-year-old conviction when in incarcerated for sixteen). The charged offenses occurred on or about May 18, 2025. Gorman's was previously convicted for being a felon in possession of a firearm on or about November 7, 2023, less than two years prior, and was incarcerated for a period of time upon conviction. The most remote conviction was approximately five years before the instant offense.

The prior convictions are supported by sufficient evidence in the form of certified copies of official court records. Any Rule 403 concerns about undue prejudice or confusion are adequately addressed through limiting instructions. *See Halk*, 634 F.3d at 488; *Oaks*, 606 F.3d at 539 n.2; *Strong*, 415 F.3d at 906.

3

For the foregoing reasons, the United States respectfully submits that Federal Rule of Evidence 404(b) permits introduction of the evidence of Gorman's prior convictions.

Respectfully submitted,

JONATHAN D. ROSS
United States Attorney

LIZA JANE BROWN (2004183)
STEPHANIE MAZZANTI (2006298)
Assistant United States Attorneys
425 W. Capitol Avenue, Suite 500
Little Rock, Arkansas 72201
(501) 340-2600
Liza.Brown@usdoj.gov
Stephanie.Mazzanti@usdoj.gov