# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA                                          PLAINTIFF

VS.                          CASE NO.: 4:25-cr-00115 JM

XAVIAR AMIR JONES, et al.                                          DEFENDANTS

## JOINT MOTION FOR CONTINUANCE AND EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT

COME NOW the Defendants, Xaviar Amir Jones, by and through undersigned counsel, and Jaymani Aareon Gorman, by and through his attorneys, Bobby Forrest, Jr. and Daniel Stephens Marks, and jointly move this Honorable Court for a continuance of the currently scheduled trial date of May 11, 2026, and for an exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), and in support thereof state as follows:

1.  Defendants are charged in a multi-count federal indictment involving firearms and drug-related offenses.

2.  Trial in this matter is currently set for May 11, 2026.

3.  Since appointment, counsel for Defendant Jones has diligently undertaken representation, including review of discovery, consultation with Defendant, and preparation for potential trial.

4.  Counsel for Defendant Gorman has likewise been actively engaged in trial preparation, including investigation, motion practice, and trial strategy.

5.  On or about March 30, 2026, Defendant Jones informed counsel that he intended to accept the Government's plea offer.

6.  In reliance on that representation, undersigned counsel's efforts were directed toward plea resolution.

7.  On or about April 11, 2026, Defendant Jones reversed course and indicated his

intent not to accept the Government's plea, which essentially meant that he was now proceeding to jury trial. On April 17, 2026, undersigned counsel met with Defendant Jones to address this and other relevant matters.

8. On April 20, 2026, Defendant Jones further advised counsel that he intends to retain private counsel. As of the filing of this motion, no new attorney has entered an appearance.

9. These developments have disrupted counsel's ability to finalize trial preparation in a consistent and effective manner.

10. Additionally, the attorney–client relationship between Defendant Jones and undersigned counsel has deteriorated to a degree that has impacted communication and trial preparation. However, undersigned counsel believes the attorney-client relationship can be fixed if additional time is granted.

11. On April 20, 2026—less than one month before trial—the Government filed multiple substantive motions, including:

   a. Motion in Limine addressing numerous evidentiary issues;
   b. Motion to Admit Evidence as Intrinsic or pursuant to Rule 404(b); and
   c. Motions to admit prior convictions and Rule 404(b) evidence as to both Defendants

12. These motions introduce complex evidentiary and legal issues, including:

   a. Admission of prior bad acts and prior convictions;
   b. Alleged gang affiliation evidence and expert testimony;
   c. Digital evidence, including photographs, videos, and communications; and
   d. Limitations on defense arguments and trial strategy.

13. The volume and substance of these filings materially expand the scope of issues that must be addressed prior to trial.

14. Additional time is necessary for both Defendants for the following reasons:

   a.  To review and analyze the Government's recently filed motions and supporting materials;

   b.  To prepare and file appropriate responses and objections;

   c.  To investigate and prepare rebuttal evidence and witnesses;

   d.  To develop trial strategy in light of the Government's expanded evidentiary theories.

15. With respect to Defendant Jones, additional time is further necessary:

   a.  To allow Defendant a reasonable opportunity to retain substitute counsel;

   b.  To allow continuity of counsel in the event substitute counsel is retained;

   c.  Alternatively, to allow undersigned counsel adequate time to repair the attorney–client relationship and complete trial preparation; and

   d.  To complete trial preparation disrupted by Defendant's vacillation regarding plea resolution. Without sufficient time to repair that relationship, counsel cannot adequately prepare or present a defense, thereby undermining Defendant's right to the effective assistance, 18 U.S.C. § 3161(h)(7)(B)(iv).

16. Proceeding to trial as currently scheduled would not allow counsel sufficient time to adequately prepare.

17. The Speedy Trial Act permits a continuance where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

18. The Court must consider whether denial of a continuance would:

   a.  Deny counsel the reasonable time necessary for effective preparation; or

   b.  Disrupt continuity of counsel and force Defendants to trial under circumstances impairing effective representation.

19. Both factors are present here.

20. Denial of this motion would prevent adequate response to complex Government motions; impair counsel's ability to prepare an effective defense; risk prejudice to both Defendants; and undermine Defendants' Sixth Amendment right to effective assistance of counsel.

21. The requested continuance is not sought for purposes of delay, but to ensure fairness and the integrity of the proceedings.

22. Defendants request that the period of delay resulting from the continuance be excluded under the Speedy Trial Act.

23. The ends of justice served by granting this continuance outweigh the interests of the public and Defendants in a speedy trial because failure to grant the continuance would deny counsel reasonable time necessary for effective preparation.

24. Counsel for Defendants have conferred with the Government regarding this motion, and the Government defers to the Court.

WHEREFORE, Defendants respectfully request that this Court continue the trial currently set for May 11, 2026, to a later date; and grant all other relief to which Defendants may be entitled.

Respectfully submitted,

Theodis N. Thompson, Jr. (2012029)
THOMPSON LAW FIRM, PLLC
415 N. McKinley St., Suite 640
Little Rock, AR 72205
501.503.5095 (o)/ 501.325.2390 (f)
tnthompson@tnthompsonlawfirm.com

Daniel Stephen Marks
Bar Number: 2020116
124 W. Capitol Ave. Ste. 860
Little Rock, AR 72201
(501) 324-6113
bobby@chosenlawgroup.com

Bobby Forrest, Jr.
Bar Number: 20191215
124 W. Capitol Ave. Ste. 860
Little Rock, AR 72201
(501) 324-6113
bobby@chosenlawgroup.com

**CERTIFICATE OF SERVICE**

I, Theodis N. Thompson, Jr., do hereby certify that I have caused to be served a true and correct copy of the foregoing to the Assistant US District Attorneys, Liza Jane Brown and Stephanie, on this 21st day of April, 2026 via electronic filing.


Theodis N. Thompson, Jr.